**Pete Young, Plaintiff-Appellee, v. Samuel Nineberg, Defendant-Appellant.**

**Gen. No. 53,322.**

First District, Fourth Division.

May 13, 1970.

Narusis and Stimson, of Chicago (Rolland H. Stimson, of counsel), for appellant.

Fishman and Fishman, of Chicago (Ronald S. Fishman, of counsel), for appellee.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

Pete Young, a cabdriver, brought an action against Samuel Nineberg to recover damages for personal injuries sustained in an automobile collision. In a jury verdict, judgment was entered in favor of plaintiff. Defendant appeals and contends that the trial court erred in not directing a verdict in defendant's favor since the evidence established plaintiff's contributory negligence as a matter of law.

On December 23, 1963, at 5:30 p. m., plaintiff, who had been a cabdriver for nine years, was transporting two passengers and their grocery packages to 848 West Ainslie Street in Chicago. At this location Ainslie is a two-way street running in an easterly and westerly direction and at the time of the occurrence there was a continuous line of parked vehicles on both sides of the street whose presence allowed one moving lane for eastbound traffic and another for westbound traffic. While the weather was clear, it was dark and there was some snow and ice on the street.

Plaintiff drove his cab east on Ainslie and when he arrived opposite 848 Ainslie (approximately the middle of a long block) he pulled his vehicle over to the right on the south side of Ainslie as far as possible, allowing the right rear door to be opened between two parked vehicles. Plaintiff emerged from behind the wheel on the driver's side and came around to the right side of the cab and opened the right rear door and assisted one of the passengers out of the vehicle and across the street. The cab's headlights were in operation, streetlights were functioning and plaintiff testified that the area was well lit. After escorting the passenger across Ainslie Street, plaintiff went back to his cab for the purpose of retrieving his passenger's box or bag of groceries that was resting on the far right side of the front seat. The other passenger was still in the back seat and did not emerge until after the occurrence.

As he opened the left front door of his cab, he observed defendant's westbound vehicle approaching from the east at about 15 mph approximately a half block away; plaintiff then reached over the steering wheel and picked up the groceries. At that moment plaintiff turned his head and saw defendant's vehicle "right on top of him" or "two or three car lengths away." Plaintiff dropped the groceries and sought to get entirely into his cab. At the time he was picking up the groceries from the front seat, his right knee was on the front seat but his body was only partially in the vehicle with most of his left leg outside. Plaintiff never succeeded in getting his entire body into his vehicle. Defendant's vehicle struck the open door pushing it against plaintiff.

Plaintiff testified that when he observed that defendant's vehicle was "two or three car lengths away" or "right on top of him," plaintiff hurried to get himself completely into his vehicle and could not close the door, "because part of myself was out of the cab, my left leg

plus part of my abdomen." The open door of the vehicle protruded two feet into the westbound lane and left insufficient space for defendant's vehicle to pass plaintiff's standing cab.

Defendant's vehicle struck the open door and came to a stop with its front bumper even with plaintiff's rear bumper. Plaintiff related that defendant's vehicle moved approximately half the cab length after impact. The headlights of defendant's vehicle were functioning and were observed by plaintiff when defendant's vehicle was a half block away.

Plaintiff sustained contusions and abrasions and required surgical services for a strangulated hernia as a result of his injuries.

OPINION

Defendant argues that the evidence established plaintiff's contributory negligence as a matter of law and that the court should have directed a verdict in defendant's favor. In Pedrick v. Peoria Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967) at page 510 the court recited the rule to be applied in resolving the merits of a motion for a directed verdict:

> "In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

■ ■ After assisting the passenger from the cab to the north side of the street plaintiff retraced his steps across the westbound lane of the street. He did not observe defendant's approaching vehicle at 15 mph one-half block away, until he had reached his cab and was in the process of opening the door. In total disregard of the approaching vehicle, plaintiff continued and persisted

in pursuing his objective of opening the door and proceeding to retrieve the packages from the right front seat. This resulted in the cab door being extended two feet into the westbound lane and thus precluded passage of defendant's vehicle. Plaintiff is charged with the knowledge of an obvious time interval required to open the door, lean over the steering apparatus, pick up and remove the packages. This time consuming and awkward maneuver is manifest since plaintiff related that when he again observed defendant's vehicle it was "right on top of him" or "two or three car lengths away" and he could not with dispatch extricate himself from his perilous predicament. Plaintiff testified that he had to remove himself partly from the cab interior before he could place his entire body within the safe confines of his cab and that because of the closeness of the wheel to the seat he could not merely pull his left leg into the cab. Under the circumstances plaintiff failed to meet his burden of proving that before and at the time of the occurrence he was using ordinary care for his own safety. We find that the evidence, viewed most favorably to plaintiff, so overwhelmingly favors defendant that no contrary verdict based thereon could ever stand. We therefore reverse and remand the judgment with directions to enter a judgment in favor of defendant.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.